*Law Library*

FILED
SUPERIOR COURT
OF GUAM

2013 JAN 16 PH 3: 39

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHERRY ARJONA GARCIA, ) | DOMESTIC CASE NO. DM0751-12 |
| ) | |
| Plaintiff, ) | |
| ) | **DECISION AND ORDER** |
| v. ) | |
| ) | |
| RAMIL ABUNAN GARCIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 15th day of January, 2013, upon review of a recently filed motion. Guam Legal Services Corporation represents the Plaintiff, and the Defendant has not yet been served nor made an appearance. The Court now issues the following Decision and Order on the matter.

### DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has moved for an order of the Court allowing substituted service upon the Defendant, who is a resident and citizen of the Republic of the Philippines, through publication and mailing.

**A)  Personal Jurisdiction and Service**

In this case, the Motion for Order for Service by Mailing of Summons and Complaint and Publication of the Summons is improper on two bases: 1) the declaration and verified complaint in this case establish the residency of the Defendant in a foreign country, the Republic of the Philippines, and therefore, substituted service under 7 GCA § 14106 through Rule 4(o) is inapplicable; and 2) even if the Court applies the substituted service requirements

of 7 GCA 14106, the motion, declaration and verified complaint submitted do not meet the requirements of 7 GCA § 14106.

Further, because the Defendant is a citizen and resident of the Republic of the Philippines, the Court finds that the complaint fails to show that the Court's exercise of jurisdiction over either the Defendant, or the *res* of the suit is proper in this case.

1) Foreign Service Requirements

Any judgment entered against a defendant who fails to appear cannot be enforced if the court has never established jurisdiction over the defendant through proper service. Bixler v. Foster, 596 F.3d 751, 761–62 (10th Cir. 2010). More significantly, a default judgment obtained against a resident of a foreign nation who is not properly served under Rule 4(f) is void for lack of personal jurisdiction and must be vacated. Shenouda v. Mehanna, 203 F.R.D. 166, 171–72 (D. N.J. 2001). The Supreme Court of Guam has adopted these concepts with regard to default judgments in Guam, stating: "[w]hen it is found that there has been defective service of process, the judgment is void . . . .'" Pineda v. Pineda, 2005 Guam 10 ¶ 19 (quoting In re Cossio, 163 B.R. 150, 154 (B.A.P. 9th Cir. 1994) (citation omitted)).

A court has an affirmative duty to *sua sponte* examine its jurisdiction over the parties when judgment is sought against a party who has failed to plead, appear, or otherwise defend against the action, to ensure that it does not enter a void judgment. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); *accord* Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005); Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir.1997); *see also* Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213–14 (2d Cir. 2010); and In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A failure to serve process will lead to a dismissal of the action; however, the court should not resolve the question without first giving the plaintiff an adequate opportunity to assert facts establishing the court's jurisdiction over the defendant. In re Tuli, 172 F.3d 707, 713 (9th Cir. 1999). The plaintiff bears the initial burden of establishing jurisdiction, but the court "ordinarily demands only a prima facie showing of jurisdiction by the plaintiff[ ]." Mwani v. bin Laden, 417 F.3d 1, 6–7 (D.C. Cir. 2005).

Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed *is a resident of Guam or any other jurisdiction of the United States*, they may be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), as the legislatively authorized method of service on residents of sovereign foreign nations, and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made in conformity with GRCP Rule 4(f) in order to abide by the laws of the sovereign nation in which service will be made.

The Motion for Order for Service by Mailing of Summons and Complaint and Publication of the Summons affirmatively states that the Defendant resides in the Philippines, and has never lived in Guam, nor ever visited Guam. The declaration in support of the motion provides verified evidence that "Defendant is a resident of the Philippines and has never lived on Guam or been to Guam." Garcia v. Garcia, Domestic Case No. DM0751-12, Decl. of Pl. in Support of Mot. for Order for Service by Mailing of Summons and Compl. and Publication of the Summons, p. 1, ¶ 3 (filed January 9, 2013). The evidence shows that Defendant Ramil Abunan Garcia is a foreign resident and citizen of the Philippines.

In order for the Court to properly enter any judgment, it has to appear from either the declaration of service or other verified document that service of process will be properly effected on the Defendant against whom judgment will be entered. The verified statements of the declaration prove that Defendant Ramil Abunan Garcia is a resident of a foreign country, and is therefore, not subject to service of process under Guam law. The laws of Guam are not applicable to a citizen of a foreign country, unless the citizen has "purposefully availed" himself of the laws of the forum.

Rule 4(e)(1), allowing for service of process through publication under statute (7 GCA §14106) through Rule 4(o), is only applicable if the defendant resides in a jurisdiction of the

United States. Elisan Entertainment, Inc. v. Suazo, 206 F.R.D. 335, 335–38 (D. Puerto Rico 2002). "[W]hile it is true that the current Fed.R.Civ.P. 4(e)(1) permits the use of state law to perform extraterritorial service, by its own terms, its usage is strictly limited to service upon individuals within 'any judicial district of the United States.'" Id., at 336. Service of process on foreign residents "must be made pursuant to Fed.R.Civ.P. 4(f)." Id. There is a special procedure for serving residents of foreign nations under Rule 4(f):

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge(sic) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

Id.

Because Defendant Ramil Abunan Garcia is not, nor has ever been a resident of Guam or any United States jurisdiction, and is, in fact, a resident of the Philippines, as declared by the Plaintiff: 1) substituted service under Rules 4(e)(1) and (o), via 7 GCA § 14106, is not applicable; and 2) service under GRCP Rule 4(f) must be effected and proven as set forth in Rule 4(l) as a precursor to the exercise of personal jurisdiction over the Defendant and entry of judgment, as no evidence that a waiver has been obtained from the Defendant has been provided to the Court by the Plaintiff. Id.

The Philippines is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any treaties or contracts regarding service with the United States. GRCP Rule 4(f)(1) is not applicable in such an instance. Therefore, the Plaintiff will be required to comply with other subsections of Rule 4(f). There are no exceptions to the foreign service requirements of Rule 4(f), and the Court may not apply Guam law to override international law. See, e.g., Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988)

(compliance with the service requirements of the Hague Convention under Rule 4(f) is mandatory when serving a foreign defendant in a signatory country); and Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522, 534 n. 15, (1987).

Because the Defendant is a resident of the Philippines, Rule 4(l) regarding proof of service, contains a special provision for proving service in a foreign country, specifically requiring that if process is served in a foreign country by any of the methods described in Rule 4(f)(2) or Rule 4(f)(3), the proof of service must include a receipt signed by the addressee or other tangible evidence of delivery to the addressee showing compliance with the law of the receiving country which is satisfactory to the court. GRCP Rule 4(1) (2012) ("Proof of service in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions shall, . . .if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."). For the obvious reason that a foreign Defendant will usually not be present in the forum jurisdiction, this requirement is intended to assure the Court that the process was properly served in the foreign country. Only upon the provision of this proof of service may the Court be assured that it may properly exercise personal jurisdiction over the foreign Defendant. The method of service proposed and requested by the Plaintiff requires no return of a signed receipt or other tangible proof of service to the Defendant as required by Rule 4(l), but instead allows for alternative proof of service through affidavit that copies of the summons and complaint were left at the United States Post Office. This is not sufficient to satisfy Rules 4(f) and (l).

In Ward v. Ludwig, 778 N.E.2d 650 (Ohio Ct. App. 2002), following the entry of a default decree of divorce, Wife, a German citizen, entered an appearance for limited purpose of contesting the trial court's jurisdiction and petitioning to vacate the judgment. Id. at 651. The trial court denied the petition. Id. The Ohio Court of Appeals overturned the trial court, holding that the decree of divorce was void for lack of service. Id. at 652–53. The appellate court found that Husband, who filed the action while Wife was living in Germany, was required to comply with the provisions of the Hague Service Convention, which was adopted by both Germany and

the United States; and even though Wife had received actual notice of the complaint and related papers, it was error for the trial court to allow alternative service by registered mail. Id.

In Saysavanh v. Saysavanh, 145 P.3d 1166 (Utah App. 2006), Husband filed an amended petition for divorce in Utah seeking dissolution of marriage from Wife, who lived in Mexico. Id. at 1167. Approximately one week later, Husband filed a motion for alternative service pursuant to Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure. Id. Like the Guam Rules of Civil Procedure, the Utah Rules of Civil Procedure were directly derived from the Federal Rules of Civil Procedure. The trial court granted the motion for alternative/substituted service, and the next month, the court clerk mailed an Amended Verified Petition for Divorce, a summons, a Motion for Order to Show Cause, and an Order to Show Cause to Wife in Mexico, requesting a return receipt. Id. at 1167–68. The receipt was later returned to the court clerk unsigned and without any other indication that the documents had been delivered to Wife. Id. Wife did not appear at the hearing to show cause. Id. Despite Wife's absence, the trial court granted Husband's motion for order to show cause, and subsequently entered a default decree of divorce. Id. Upon becoming aware of the default divorce decree, Wife immediately obtained counsel in Utah and filed a motion to set aside the default decree of divorce pursuant to Rule 60(b) on the basis of lack of personal jurisdiction. Id. The trial court denied the motion to set aside the default decree, finding that Husband "made every effort possible to apprise [Wife] of the divorce proceedings, including strict compliance with Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure." Id.

The Court of Appeals of Utah reversed the trial court's decision, finding that where the rules set forth a particular manner of effecting international service, such as the Hague Service Convention, that manner of service is controlling and strict compliance is required, stating:

> Rule 4 of the Utah Rules of Civil Procedure governs service of process, and subsection 4(d)(3) specifically governs service of process in a foreign country. See Utah R. Civ. P. 4(d)(3). In order to determine which part of subsection 4(d)(3) is applicable, we first assess whether there is an internationally agreed means of service in Mexico, "such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Utah R. Civ. P. 4(d)(3)(A). If there exists an internationally agreed means of service between the countries, rule 4(d)(3)(A) is applicable. See id. If there is no internationally

agreed means of service, rule 4(d)(3)(B) is applicable. See Utah R. Civ. P 4(d)(3)(B).

Id.

Finding that Husband had served Wife under Rule 4(d)(3)(B), instead of Rule 4(d)(3)(A) and the Hague Service Convention, as the internationally agreed means of service between Mexico and the United States, the appellate court held that the default decree was improperly entered against Wife: "Husband has failed to properly serve Wife according to rule 4(d) of the Utah Rules of Civil Procedure and the Hague Service Convention. As a result, service of process was not properly effectuated and the trial court lacks personal jurisdiction. We therefore reverse the trial court's denial of Wife's motion to set aside the default decree of divorce." Id. at 1169.

The point of these cases is clear. In order for the trial court to enter a valid and binding judgment of divorce against a resident of a foreign nation, service must be validly made in that country under the proper rule of procedure, and any applicable agreed international service provisions; where there is no such provision, Rule 4(f)(2) requires that service must be effected under the laws of the country in which service will occur. Service which does not comply with a specifically applicable foreign service provision is invalid, and no judgment may be entered thereon, even if personal service which would be valid within the United States has been effected under a different rule regarding substituted service, such as 7 GCA § 14106. Between sovereign nations, the laws of the sovereign are controlling with regards to its own citizens.

Even though it is apparent based on the declaration of counsel that the Plaintiff has made some "effort possible to apprise [Defendant] of the divorce proceedings," Id., at 1167–68, through inquiries into the actual service requirements, these inquiries alone are not sufficient. The Plaintiff must effect personal service under the laws of the Republic of the Philippines. See id. at 1169 (substituted service ineffective on foreign Defendant).

The Plaintiff finds that the Philippine Rule of Court cited by the Plaintiff is inapplicable to this case, as by its own terms, the substituted service applies only to a "defendant who does not reside and is not found in the Philippines." Rule 14, Summons of the Philippine Rules of

Court, Sec. 15, Extraterritorial Service. It is established that the Defendant in this case *does* reside in the Philippines, and thus, this rule cannot be applied to him. Because the method of service proposed by the Plaintiff does not establish that it will comply with the laws of the Philippines, the Court must DENY the issuance of substituted service under 7 GCA § 14106 through Rule 4(o), as requested by the Plaintiff.

> 2) Requirements of Substituted Service and Deficiency of Underlying Declaration in Support of Order Allowing Service by Publication

Even if the Defendant was a resident of a United States jurisdiction, and therefore, could be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the current GRCP Rule 4 only allows for service through publication and mailing as permitted by statute or court order, in accordance with due process. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made to the Court upon a verified affidavit (or declaration, *see* 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons . . .* and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made . . .* such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

7 GCA § 14106 (emphases added).

The Plaintiff requests that this order for service by publication issue because the Defendant is not a resident of Guam and has never been to Guam, therefore, he obviously "cannot be found in Guam." However, service by publication and mailing under 7 GCA

§14106, in lieu of personal service under GRCP Rule 4, constitutes substituted service, and has specific factual requirements which must be declared to the Court.

The Plaintiff has not complied with the specific requirements of the substituted service provisions. 7 GCA § 14106 requires an affidavit or declaration swearing or declaring under penalty of perjury, *not only that the Defendant cannot be found in Guam*, but either: 1) *both* that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are carefully worded to indicate to the Court that the Defendant was formerly present in Guam and/or is now attempting to avoid service, not merely that a defendant is not present in Guam.

Regarding the Defendant's "depart[ure]" from Guam, neither the verified complaint or verified application of the Plaintiff contain a statement that the Defendant was a former resident of Guam. No factual allegations that the Defendant has ever resided in Guam and thus, has ever "departed from Guam" are present. Nor are there any allegations that the Defendant could ever have be subject to service in Guam. In fact, the Court finds that the statements of the verified complaint and declaration establish that the Defendant has never been to Guam, and therefore, could not have "departed from Guam" and fails to meet the first factual requirement for the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's verified complaint and application is also silent. In Kahn v. Matthai, 115 Cal. 689, 692, 47 Pac. 698, 699 (Cal. 1897), interpreting the former CCCP § 412, direct forerunner to 7 GCA § 14106, service by publication was originally permitted by the trial court on the ground that the defendant was seeking to conceal herself to avoid the service of the summons, however, on appeal, the judgment was overturned by the Supreme Court of California, on the basis that the affidavit submitted did not contain facts which had any actual tendency to show that the defendant had departed from California or was concealing herself from service, and thus, the affidavit was insufficient. Id. at 692–93. Although the Plaintiff's declaration has established that it will be

difficult to serve the Defendant, this evidence does not support a finding that the Defendant is concealing himself to avoid service.

Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) cannot be made because of the Defendant's actions. GRCP Rule 4(e)(1) and (2), and Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (Cal. App. 4 Dist. 1995). The affidavit (or declaration) must be in proper form in order for the Court to grant the order for publication and acquire jurisdiction over the defendant, and must allege that the Defendant was formerly present in Guam and fled, or that he is concealing himself to avoid service. Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866). "If either of these facts does not appear by affidavit, the court or judge has no jurisdiction to make the order, and an order made thereon will be insufficient to sustain a judgment based upon such service." Rue v. Quinn, 137 Cal. 651, 655–57, 66 P. 216, 217 (Cal. 1902).

The Plaintiff's verified application fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The motion declares that the Defendant has never resided in Guam, thus establishing that the Defendant could not have "departed from Guam, and fails to establish that the Defendant has ever concealed himself to avoid service under GRCP Rule 4(e). A statement to the effect that a person is not present in Guam and has never been present in Guam does not satisfy the requirements of 7 GCA § 14106.

Accordingly, the verified complaint and declaration fail to establish the facts required under 7 GCA 14106, and the Plaintiff's request for an Order for Publication would be DENIED on this basis as well.

3) It Appears that No Valid Cause of Action Exists Against the Defendant for the Exercise of Jurisdiction, Either *In Personam* or *In Rem*

The Court may not exercise jurisdiction over a non-resident, except as permitted by the Organic Act and the United States Constitution. 7 GCA §§ 14109 and 14110(4) (2012). Both 7 GCA §§ 14109 and 14110(4) were adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. Moreover, even in a dissolution action, service

of summons will not issue, or should be quashed, as against a resident of a foreign country, if the Plaintiff does not demonstrate that the foreign resident defendant has a sufficient a connection to the forum in which the Plaintiff seeks the summons. In re Marriage of Malak, 182 Cal.App.3d 1018, 1024 (Cal. App. 3d Dist. 1986).

### A) No Personal Jurisdiction to Issue Child Support

The Court notes that the Plaintiff has asked the Court to "require Defendant to pay child support," and determine the separate property and debts of the parties. Garcia, Ver. Compl. for Divorce, p. 2, ¶ VII, p. 3, ¶¶IX and X, and Prayers 3, 4, and 5 (filed November 5, 2012). The rule set forth by the United States Supreme Court is that a divorce court in one jurisdiction does not have the power directly to affect, by means of a decree, the title to real or personal property situated outside of that jurisdiction. Fall v. Eastin, 215 U.S. 1, 11 (1909). "[W]hen the subject matter of a suit in a court of equity is within another state or country, but the parties within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant, and not upon the subject-matter, . . . ." Id. The Plaintiff fails to cite to any authority permitting this Court to adjudicate these property issues presented. Under the holding in Eastin, a divorce court in one state may indirectly affect property in an extra-territorial location, but only by means of an *in personam* decree operating upon a party over whom the court has personal jurisdiction. Id.

> [The full faith and credit clause] does not extend the jurisdiction of the courts of one state to property situated in another, but only makes the judgment rendered conclusive on the merits of the claim or subject-matter of the suit. 'It does not carry with it into another state the efficacy of a judgment upon property or persons, to be enforced by execution. *To give it the force of a judgment in another state, it must be made a judgment there; and can only be executed in the latter as its laws may permit.*'

Id., at 12 (quoting M'Elmoyle v. Cohen, 13 Pet. 312, 10 L. ed. 177)(emphasis added).

7 GCA § 14109, Guam's long-arm statute, was adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. The Supreme Court of Guam has specifically adopted the minimum contacts test regarding personal jurisdiction over non-resident defendants in a divorce action in Guam for the purposes of dividing marital

property or adjudicating personal property under 7 GCA § 14109; finding that the due process clause requires "a nonresident defendant to have minimum contacts with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Banes v. Superior Court of Guam, 2012 Guam 11 ¶ 28 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted)); *see also* Mariano v. Surla, 2010 Guam 2 ¶ 23. "Only if minimum contacts exist will the nonresident defendant be subject to general (i.e., unlimited) or specific (i.e., limited) jurisdiction." Id. Accordingly, Guam has chosen its method of exercising personal jurisdiction over non-resident defendants, even in a divorce action, with regards to the division of property, through its adoption of California's long-arm statute; and this requires minimum contacts with Guam.

Similarly, in In re Marriage of Malak, 182 Cal.App.3d 1018 (Cal. App. 3d Dist. 1986), the California Court of Appeals determined whether California could exercise personal jurisdiction under its long-arm statute over the husband, who was a foreign non-resident defendant in a divorce action. The court found that it was required to determine whether due process requirements would be met in an assertion of jurisdiction. Id. at 1023. The court found that the amended petition for dissolution of marriage, "summons, and a motion for orders pended lite were duly served on husband." Id. at 1022. However, the court found that it was required to find minimum contacts to ensure that "the imposition of jurisdiction should be both constitutionally justified and 'fair.'" Id. at 1024. On this basis, the court quashed the service on the foreign defendant for all purposes of the action, except for the issue of child custody. Id.

Under the reasoning of this case, it is apparent that California courts also refuse to exercise long-arm jurisdiction over residents of foreign countries, for the purposes of divorce actions, unless minimum contacts are established. The minimum contacts requirement of In re Marriage of Malak for non-resident defendants who are residents of foreign nations, coupled with the minimum contacts requirement for non-resident defendants stated in Banes, clearly direct that this Court must find minimum contacts in order to find personal jurisdiction and divide or allocate any of the Defendant's real or personal assets in this case.

This test is specifically applicable to child support orders. Here, Defendant is not a resident or citizen of the United states, nor has he ever been to Guam. The parties were married in the Philippines, and only lived together as a married couple in the Philippines.

This case is akin to Kulko v. Superior Court of California, 436 U.S. 84 (1978). In Kulko, the United States Supreme Court determined that the appellant, a resident of New York, did not purposely avail himself of the benefits and protections of California's laws in a suit to establish a foreign divorce decree as a California judgment and modify the custody and child support provisions of that judgment. Kulko, 436 U.S. at 91–96. The appellant, his former wife and their children were residents of New York for the entirety of the marriage. Id., at 86–87. The wife moved to California after their separation and the appellant subsequently acquiesced in their daughter's desire to live with her mother in California. Id., 436 U.S. at 87–88.

The Court found California's assertion of jurisdiction over appellant to be unreasonable and unfair; in part because the appellant remained in the state of the marital domicile, whereas his former wife moved across the country. Id., at 97–98. In addition, the single act of acquiescing to his daughter's desire to live with her mother "is surely not one that a reasonable parent would expect to result in the substantial financial burden and personal strain of litigating a child-support suit in a forum 3,000 miles away, and we therefore see not basis on which it can be said that appellant could reasonably have anticipated being 'haled before a [California] court.' " Id., at 97–98 (quoting Shaffer v. Heitner, 433 U.S. 186, 216 (1977)).

In Forrest v. Forrest, 839 So.2d 839 (Dist. Ct. App. Fla. 2003), the District Court of Appeals held that the trial court lacked personal jurisdiction over husband in action by wife for alimony and child support; although parties owned a house in the state, it was not the "matrimonial domicile" for the purposes of jurisdiction, where husband lived in Singapore, wife left husband in Singapore to live in the house in Florida, and the house had been purchased while parties only briefly visited state. Id., at 840–41 (citing West's F.S.A. § 48.193(1)(e)). In this case, the court stated: "The issue in this case is personal jurisdiction (i.e., the trial court's authority to determine the rights of the father), not subject matter jurisdiction (i.e., the trial court's authority to decide the issue)." Id. at 841.

In this case, the evidence of the Defendant's contacts does not indicate that he purposely availed himself of the benefits and protections of Guam law. In fact, the evidence shows that the Defendant has never availed himself of Guam law, and has never had any contact with Guam.

As in Kulko and Forrest, the Defendant remained in his home in the Philippines, where the family had lived, while the Plaintiff left the marital home for Guam. The Defendant has no contacts with Guam. Thus, the Court concludes that the Defendant's contacts are not sufficient to satisfy the requirements of due process. See also Department of Healthcare and Family Services ex rel. Heard v. Heard, 916 N.E.2d 61 (Dist. Ct. App. Ill. 2009). Country of Luxembourg ex rel. Ribeiro v. Canderas, 768 A.2d 283 (N.J.Super.Ct. 2000)(Fact that the mother and child lived in Luxembourg was insufficient to create relationship between Luxembourg and father that would permit Luxembourg tribunal to exercise personal jurisdiction over father in child support case, and thus to permit enforcement of its judgment in New Jersey under Uniform Interstate Family Support Act (UIFSA), where father had no contacts at all with Luxembourg).

The Defendant in this case has not yet been properly served with notice of this requested child support proceeding in the Republic of the Philippines. However, because the Court concludes that the Defendant's complete and total lack of contacts with the United States and Guam does not meet the constitutional due process requirements necessary to exercise personal jurisdiction over him in order to issue an order against him for child support, the lack of service upon him is a non-issue.

Currently, there are no allegations that give rise to the exercise of personal jurisdiction of this Court over the Defendant, and accordingly, the Court cannot exercise jurisdiction, even indirectly, over any alleged real or personal property of the Defendant in the Philippines. This is true of any request for child support from the Defendant unless and until the Plaintiff provides the Court with factual allegations which would give this Court personal jurisdiction over the Defendant. *See also* CVR 10.1, Local Rules of Guam (2013).

        B) The Facts Establishing Jurisdiction Over the Res of the Marriage Are Not Yet Plead

More importantly, even if the Plaintiff did not seek any award of assets and only sought the legal status of dissolution of the marriage, i.e, jurisdiction over the *res* or subject matter of the marriage, there is no possibility of the exercise of *in rem* subject matter jurisdiction over this divorce action if it involves two Philippine citizens. *See e.g.*, Van Dorn v. Romillo, Jr., 223 Phil. 357, 362 (1985)(owing to the nationality principle embodied in Article 15 of the Philippine Civil Code, Philippine nationals are subject to the policy against divorces, the same being considered contrary to the Philippine concept of public policy and morality; only aliens may obtain divorces abroad, provided they are valid according to their national law); and Garcia v. Recio, 418 Phil. 723, 723-735 (2001); *see also e.g.*, the Uniform Foreign Country Money–Judgments Recognition Act, §§ 1(a), 4(a)(2), 4(a)(3), and 11, as approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association, in 1962.

The Court acknowledges that it is possible for the Court to have jurisdiction over the *res* of the marriage. The first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce whenever one party has established the minimum residency requirements of Guam. However, the language of this statute is *permissive*. The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is mandatory and may is permissive." 1 GCA § 724 (9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this statute. The Court may do so, in its discretion, however, the Plaintiff must meet all of the requirements of due process in order for the Court to enter a valid judgment. Further, it should be apparent to the Court that the judgment of dissolution will be enforceable. The Court has an interest in assuring that its judgments are validly entered, and that the interests of justice are being served in any action before it. This idea is re-emphasized in 19 GCA § 8320, which states in relevant portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based

upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice.*" 19 GCA § 8320 (emphases added).

However, under Article 15 of the Philippine Civil Code and cases from the Supreme Court of the Republic of the Philippines interpreting this article, such as <u>Van Dorn v. Romillo, Jr.</u> and <u>Garcia v. Recio</u>, it is apparent that any judgment of divorce rendered between two citizens of the Philippines is a legal nullity, as the Philippines does not recognize foreign judgments of divorce unless one of the parties is a citizen of a different country. <u>Van Dorn</u>, 223 Phil. 357, 362 (1985); and <u>Garcia</u>, 418 Phil. 723, 723-735 (2001) (once proven that respondent was no longer a Filipino citizen, he could validly obtain foreign divorce decree which would be recognized in the Philippines); *see also* <u>Quita v. Court of Appeals</u>, 300 SCRA 406 (1998); and <u>Diego v. Castillo</u>, A.M. No. RTJ-02-1673, August 11, 2004 (citing <u>People v. Schneckenburger</u>, 73 Phil. 413 (1941)(subsequent marriage of Filipina citizen based on foreign judgment of divorce entered in the United States would not be recognized in the Philippines, thus Filipina citizen was properly convicted of bigamy, and judge who previously acquitted Filipina of bigamy punished by the Supreme Court of the Philippines for ignorance of the law). Accordingly, from the allegations of the complaint, the Court is not satisfied that any judgment entered in this case will not be ineffective. The Court finds no reason that it should enter a judgment of divorce which is automatically void or unenforceable against the Defendant. More importantly, if the Court were to grant a judgment of divorce, any subsequent re-marriage of the Plaintiff based in reliance thereon would subject the Plaintiff to prosecution for bigamy in the Philippines, if she is a Filipina citizen. This does not appear to be in the Plaintiff's best interests.

The Court finds no benefit in interfering with the ability of a sovereign nation to dictate its own laws and govern the conduct of its own citizens. Thus, the Plaintiff must convince the Court that its exercise of *in rem* jurisdiction over this cause of action for divorce is not an exercise in futility, and/or would be in the best interests of the Plaintiff (i.e. avoiding the possibility of criminal prosecution in the Republic of the Philippines), by pleading sufficient facts in an amended complaint, to wit, that she is a citizen of a country other than the

Philippines, and that a judgment of divorce will not conflict with the laws of the country of her citizenship.

### 4) Child Custody Jurisdiction

With regard to the Plaintiff's request for child custody jurisdiction, under the UCCJEA, notice and an opportunity to be heard must be afforded to any person who may be affected by a child-custody determination under the act pursuant to 7 GCA § 39205(a). This statute states:

> Notice; Opportunity to Be Heard; Joinder. (a) Before a child custody determination is made under this Act, notice and an opportunity to be heard in accordance with the standards of § 108 must be given to all persons entitled to notice under the laws of Guam as in child custody proceedings between residents of Guam, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.

7 GCA § 39205(a) (2013)(emphasis added).

> 7 GCA § 39108 is entitled "Notice to Persons Outside Guam." It states:
> (a) Notice required for the exercise of jurisdiction when a person is outside Guam may be given in a manner prescribed by the laws of Guam for service of process or by the laws of the State in which the service is made. *Notice must be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.* (b) Proof of service may be made in the manner prescribed by the laws of Guam or by the laws of the State in which the service is made.

7 GCA § 39108(a) and (b) (2013)(emphasis added).

The only exception to this designed notice requirement occurs when a party consents to the jurisdiction of the Superior Court, as under subsection (c); "[n]otice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court." 7 GCA § 39108(c). The Defendant has not consented to the jurisdiction of the Court. Therefore, actual notice to him is required before the Court may make an initial child-custody determination, and publication may only be used if it is demonstrated that other means of personal service are not effective.

Emphasizing this point of law, and clarifying that actual notice is required for the Court to make a legally binding child custody order, 7 GCA § 39106 clarifies that even if the Court finds that it has jurisdiction over the child/children and makes a child-custody determination,

but service has not been effected on the party, the determination is not binding upon that party. It states:

> Effect of Child Custody Determination. A child custody determination made by a court of Guam that had jurisdiction under this Act binds all persons who have been served in accordance with the laws of Guam or notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact, except to the extent the determination is modified.

7 GCA § 39106 (2013).

Consequently, so long as the Defendant has not been served, any child-custody determination made by this Court is ineffective. Any such order will have no legal effect, as it appears from the complaint that there are no other parties interested in the custody of the child of this marriage.

Accordingly, for the purposes of child custody, the Plaintiff is required under GRCP Rule 4 and 7 GCA §§ 39205, 39106, 39108 and 39109 to provide notice to the Defendant in a manner which is designed to give the Defendant actual notice of the proceedings.

In this case, the Plaintiff has failed to demonstrate that personal service will not be effective. She argued that she does not have the means or the funds to serve the Defendant, but that in no way implies that personal service would be ineffective on him. Because the issue of child custody is so significant, substituted service cannot be utilized to give notice to the Defendant for the purposes of child custody, until the Plaintiff demonstrates that other means of personal service are ineffective, and because the Defendant is a citizen and resident of the Republic of the Philippines, actual notice must follow the requirements of GRCP Rule 4(f), as no evidence that a waiver has been obtained from the Defendant has been provided by the Plaintiff.

Because the Defendant is a resident of a foreign country, service can only be made in accordance with GRCP Rule 4(f)(2) or (3), under the laws of the Philippines, and Plaintiff's request for substituted service through 7 GCA § 14106 and Rule 4(o) is inapplicable to any of the requested relief in the complaint. Further, because the Court is aware that the Defendant is a

citizen of the Philippines, and that the Philippines does not recognize any judgments of divorce between two of its own citizens, the Plaintiff has failed to plead her own citizenship so as to apprise the Court as to the futility of the issuance of any judgment in this matter and to show that the "interests of justice" would be served by the exercise of jurisdiction over this divorce case. This Court has no interest in interfering with the ability of any sovereign nation to govern its own citizens. As such, the Plaintiff has failed to convince the Court that justice will be served by any attempt to exercise jurisdiction over the matter, and the Complaint for Divorce is DISMISSED WITH LEAVE TO AMEND. Finally, the verified allegations of the complaint establish that the Court currently has no personal jurisdiction over the Defendant, such that even if service were effected upon him, no order or judgment regarding child support or division of property could be entered against him. Thus, as to the Plaintiff's requests for child support and division of property, the complaint is DISMISSED WITH LEAVE TO RE-FILE OR AMEND should circumstances change such that the Court could exercise personal jurisdiction over the Defendant.

## CONCLUSION

Based upon its review of the complaint, as part of the analysis of the Plaintiff's request for an Order for Service by Publication and Mail, which requires analysis of both proper service and whether there is a cause of action against the Defendant under 7 GCA § 14106, the Court finds that Rule 4(e) and (o), and thereby substituted service under 7 GCA § 14106 are inapplicable, as the Defendant is a citizen of the Republic of the Philippines, and the Plaintiff not provided service as required under Rule 4(f). Therefore, the Plaintiff's application for an order allowing service by publication and mail is DENIED.

Further, even if the Court found that 7 GCA § 14106 was applicable in lieu of personal service under Rule 4(f), the verified complaint and application fail to show that the Defendant has "depart[ed]" from Guam, or that he has "conceal[ed]" himself to avoid personal service of the complaint as provided under GRCP Rule 4(e)(1) or (2), in order to meet the requirements of 7 GCA § 14106 for publication and mailing in lieu of personal service. Therefore, the

Plaintiff's application for an order allowing service by publication and mail would be DENIED on this basis as well.

Next, it appears that any judgment of divorce, even a decree merely setting forth the marital status of the parties as divorced, will not be recognized as valid in the Philippines if both the Plaintiff and Defendant are citizens of the Republic of the Philippines, because Philippine nationals are subject to the Philippines' moral prescription against divorce, and only citizens of other countries are entitled to have valid foreign judgments of divorce recognized in the Philippines. Van Dorn v. Romillo, Jr., 223 Phil. 357, 362 (1985); and Quita v. Court of Appeals, 300 SCRA 406 (1998). Accordingly, although the Plaintiff may have established residence in Guam for the purposes of 19 GCA § 8318, she has not established her citizenship, whether in the United States, the Republic of the Philippines, or any other country, in order for the Court to determine the futility of her request for divorce, due to the non-recognition of judgments of divorce in the Philippines, where her husband is a resident and citizen.

As to any order regarding child support, the allegations of the complaint and declaration clearly establish that no minimum contacts exist between the Defendant and Guam upon which the Court could find personal jurisdiction, and thereupon issue orders concerning his real or personal property. Thus, the Court has no jurisdiction to enter any order of child support.

Consequently, the Verified Complaint for Divorce is DISMISSED without prejudice, with LEAVE TO AMEND within thirty (30) days of the date of this order. The Court hereby ORDERS that any amended complaint shall set forth facts establishing both the Plaintiff's citizenship and the Defendant's citizenship for the purposes of this determination. Also, should circumstances change such that facts may be alleged to establish the Court's personal jurisdiction over the Defendant for the purposes of child support and other property division, the Plaintiff may re-file or amend the action.

The case is NOT DISMISSED for the purposes of child-custody determination. The separate, included action for an initial child-custody determination is STAYED for one hundred and ten (110) days from the date of this order, pursuant to 7 GCA § 39209(b), in order for the Plaintiff to initiate proper service pursuant to 7 GCA §§ 39205 and 39108, and GRCP Rule 4(f)

and (m). If the information regarding service is not provided in an acceptable declaration or affidavit before the expiration of this time, the action for child-custody will be dismissed.

**IT IS SO ORDERED** this ___JAN 1 6 2013___ .


Original Signed By:
ARTHUR R. BARCINAS

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JAN 1 6 2013

Joseph J.Q. Fausto
Deputy Clerk, Superior Court of Guam